## No. 10,390.

### THE STATE OF LOUISIANA VS. ABE PRICE.

1. A motion in arrest of judgment, is not the proper plea to urge against an error in the proceedings touching the time or the manner of impaneling a petit jury. Such a vice in the record can be taken advantage of by an argument of error filed in this court.

APPEAL from the Ninth District Court, Parish of Tensas.
    *Young*, J.

*Walter H. Rogers* Attorney General, for the State, Appellant.

*B. F. Young* and *Luce & Lemle* for Defendant and Appellee.

The opinion of the Court was delivered by

WATKINS, J. The State is appellant from a judgment and decree of the trial judge, sustaining defendant's motion in arrest, and vacating and setting aside a verdict of the jury convicting the accused of manslaughter.

The defendant has not joined issue on the State's appeal, nor filed in this court, any assignment of errors; hence, we have nothing before us but the alleged erroneous ruling of the trial judge in sustaining the motion in arrest of judgment.

The grounds set out in arrest are, first, that the jury were impaneled and sworn prior to arraignment and plea; and second, that after ar-

State vs. Price.

raignment and plea, the case was not fixed for trial, and the jury were not again impaneled and sworn.

From this state of facts defendant's counsel argue that there was, at the time the jury were sworn, no issue for them to try, and this constitutes an error of record which vitiates radically all that was done subsequently to the prisoner's plea and arraignment, and that he can avail himself of that defect, by a motion in arrest of judgment.

The minutes of the court show that " the jurors were duly impaneled and sworn, and the prisoner not having been arraigned, was duly arraigned, heard the reading of the indictment, plead not guilty and prayed for a trial by jury; the trial of the case was then proceeded with, and after hearing the evidence, argument of counsel, and charge by the court, the jury retired to consider their verdict, etc."

Counsel's reliance is upon the material defect disclosed in the record; that is to say, the absence from the record of any evidence showing that the jury of trial were sworn in the case, *after* arraignment and plea, it being the well-settled jurisprudence that there is no issue joined, between the State and the accused, upon the charge contained in the indictment, *until after arraignment and plea.*

We do not think that this question can be raised and presented by way of a motion in arrest of judgment, for Mr. Bishop announces the following to be the causes for which judgment and sentence may be arrested, viz:

" This motion will, at common law, reach whatever defects are apparent on the face of the record, but no others. If the indictment is inadequate in allegation, and not cured by the verdict, or if the verdict does not conform to the indictment, or there is error in any other part of the record, or the statute on which the indictment was drawn has been repealed—the motion in arrest is the appropriate remedy. On the other hand, a variance between proofs and allegation, any matter in abatement, or matter appearing only in evidence at the trial; a defect in the process for bringing the defendant into court, in the serving of it, in the examination before the committing magistrate, or in the summoning or impaneling of the grand or petit jury, or in any misconduct of either jury, will not be reached by this motion." 1 Bishop, Crim. Prac., Sec. 1285, third edition.

Mr. Wharton enumerates the following as the causes for which judgment may be arrested, viz :

" Thus judgment will be arrested when no indictable offense is set forth; when the statute creating the offense has been intermediately repealed; when the case has been tried with more or less than twelve

jurors; when no issue was averred to have been joined; and when the verdict is insensible, etc." Whar. Crim. Plead. and Prac., Sec. 759, eighth edition.

"Errors as to form, not going to the description of the offense, which might have been taken advantage of at a previous stage, are not sufficient to arrest the judgment. *Id.* Sec. 760.

As the principles of the common law are the foundation of our criminal jurisprudence, the foregoing would seem to control the question raised in this case, and they are conclusively in favor of the State.

In the instant case the jury were regularly impaneled and sworn, and the prisoner was regularly arraigned, and entered a plea of not guilty. The only question presented by the motion in arrest is that of the particular stage of the proceedings at which the jury was impaneled and sworn.

All of the proceedings were had upon one and the same day, and during one continuous sitting of the court, without any intervening adjournment thereof. The accused and his counsel were present, participating in the proceedings, and fully aware of them.

Neither urged any objections to the trial being proceeded with at that time, under those circumstances, and before that jury; and evidently the accused accepted the situation and took his chances of acquittal before that jury. Whatever objection there might have been to the proceedings should have been taken advantage of seasonably. This he did not do, and it was too late to urge them for the first time after a trial and verdict of guilty, particularly *by way of motion in arrest.*

We think the ruling of the trial judge erroneous, and the judgment appealed from should be reversed.

It is, therefore, ordered and decreed that the judgment and decree appealed from be reversed and the verdict of the jury re-instated, and the trial judge directed to proceed in the cause according to law and the views herein expressed.